UNITED STATES of America,
Plaintiff/Respondent,

v.

Marvin E. MILLER,
Defendant/Respondent.

Nos. 96–40064–01–DES, 99–3266–DES.

United States District Court,
D. Kansas.

Sept. 22, 1999.

Jonathan B. Phelps, Topeka, KS, for Marvin E. Miller, Defendant.

Jeannine D. Herron, Topeka, KS, for Jonathan Elrod, Defendant.

Randy M. Hendershot, Office of United States Attorney, Topeka, KS, for U.S.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 133) pursuant to 28 U.S.C. § 2255. For the following reasons, the petitioner's motion is denied.

## I. INTRODUCTION

On March 11, 1996, petitioner robbed the Credit Union Service Center in Topeka, Kansas. Petitioner was charged with a three count indictment. Count one charged petitioner with taking by force and intimidation with the aid of a handgun approximately $32,000 from employees of the Credit Union Service Center in Topeka, Kansas, whose deposits were insured by the National Credit Union Administration Board, in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2. In count two, petitioner was charged with using a firearm in relation to a crime of violence, namely bank robbery as alleged in count one, in violation of 18 U.S.C. § 924(c)(1) and (2). Count three charged petitioner with conspiring to commit an offense against the United States, namely bank robbery as alleged in count one, in violation of 18 U.S.C. § 371.

On January 17, 1997, a jury found petitioner guilty of all three counts. Petitioner was sentenced to seventy-one months incarceration on count one, sixty months on count two to be served consecutively to count one, and sixty months imprisonment on count three to be served concurrently with count one. Petitioner then appealed to the Tenth Circuit Court of Appeals, which affirmed the conviction. Petitioner subsequently filed for a writ of certiorari, which the United States Supreme Court denied on October 5, 1998. On August 6, 1999, petitioner filed the present Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

## II. DISCUSSION

### A. Statute of Limitation

■ The government argues the statute of limitation has run on petitioner's § 2255 motion. 28 U.S.C. § 2255 provides for a one year statute of limitation which begins to run when the judgment of conviction becomes final. A judgment does not become final until the Supreme Court has denied certiorari. *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir.1997). In this case, the statute of limitation began to run on October 5, 1998, when the Supreme Court denied certiorari. Petitioner filed his § 2255 motion on August 6, 1999, well within the one year limitation. Therefore, the petitioner's motion is properly before this court.

### B. Ineffective Assistance of Counsel Because Trial Counsel Failed to Ensure That the Government Sufficiently proved the FDIC Insurance Element

■ The petitioner claims he was denied effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution. To establish a claim of ineffective assistance of counsel, the petitioner must show: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced the defense in that the outcome would have been different but for the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to meet the second prong of this test, the petitioner must demonstrate "that counsel's errors were so serious as to deprive the defendant[s] of a fair trial, a trial

whose result is reliable." *Id.* The petitioner argues his conviction would have been reversed had defense counsel either moved for a judgment of acquittal or raised the government's failure to prove the FDIC insurance element on appeal.

■ The federally insured status of the credit union is an essential element of robbery under § 2113, and the government must prove this element beyond a reasonable doubt to sustain a conviction. *United States v. Brunson,* 907 F.2d 117, 118–19 (10th Cir.1990). In determining whether the government proved the bank was FDIC insured, the court reviews the record in the light most favorable to the government. *Id.* at 119. The court must consider whether a reasonable jury would find this essential element beyond a reasonable doubt upon considering all evidence and inferences to be drawn therefrom. *Id.*

The government offered the testimony of two witnesses to establish the credit union was FDIC insured. William E. Hiskey, President of Super Chief Credit Union, testified as follows:

Q. And is that a credit union [Super Chief Credit Union] that, back in March of this year, 1996, was thinking of doing business with the Credit Union Service Center?

A. That's correct.

Q. What sort of institution is the Credit Union Service Center?

A. It's an organization currently owned by four different credit unions, whereby the members can do business at that location.

. . .

Q. So regular credit unions get together and kind of pool their resources and have the Credit Union Service Center act then as their agent?

A. That's correct.

Q. And as such, would deposits in that facility still be federally insured under the National Credit Union Advisory Board?

A. Yes.

(Tr. at 118–119.) Deborah Hall, manager of the Credit Union Service Center, also testified that the Credit Union was FDIC insured: "Q. As such, as their agent, are their deposits still insured by the National Union Credit Board when they're in your facility? A. Yes, they are." (Tr. at 133.)

■ The petitioner claims the FDIC element was not met because neither witness specifically testified that the credit union was FDIC insured at the time of the robbery. The court sadly agrees there is no direct evidence of FDIC insurance at the time of the robbery.[1] However, "direct evidence, as distinguished from circumstantial, is not essential to a criminal conviction." *Brunson,* 907 F.2d at 119 (quoting *United States v. Harper,* 579 F.2d 1235, 1239 (10th Cir.1978)). Circumstantial evidence is given the same weight as direct evidence. *Id.* (citing *United States v. Smith,* 788 F.2d 663, 669 (10th Cir. 1986)). There must be circumstantial evidence to prove the credit union was FDIC insured. The court finds the government proved the FDIC insurance element.

■ A past condition can be proven by a subsequent existence of the condition when "the time span is not too great and there is no suggestion of an intervening circumstance that might call its previous existence into question." *United States v. Sliker,* 751 F.2d 477, 484 (2d Cir.1984) (quoting 2 Wigmore, Evidence, § 437(1) at 513–19 (Chadbourn rev.1979)). This principle may be extended to proving FDIC insurance, allowing the jury to interpret

---

1. It appears that the prosecutor in this case is not the only prosecutor to make the mistake of failing to directly prove the FDIC insurance element. Failing to clearly prove this element appears to be "a nationwide plague infecting United States Attorneys throughout the land." *United States v. Maner,* 611 F.2d 107, 111–12 (5th Cir.1980). It is difficult to understand why prosecutors would risk reversal on an element so easy to prove. The court can only encourage prosecutors to take this element seriously, and warn that different facts would warrant reversal.

the word "is" to mean "is and has been." *Id.* at 485.

Several courts have found that present-tense testimony may prove a financial institution's past federally insured status. "Where the evidence is oral testimony that the bank is insured, and the interval between the crime and the trial is not great, it is reasonable to conclude that 'viewed in context, the jury could draw the inference that the bank was insured at the time of the robbery.'" *Sliker,* 751 F.2d at 484–85 (quoting *United States v. Safley,* 408 F.2d 603, 605 (4th Cir.1969)). *See United States v. Pascarella,* 84 F.3d 61, 71 (2d Cir.1996); *United States v. Nnanyererugo,* 39 F.3d 1205, 1208 (D.C.Cir.1994); *United States v. Schermerhorn,* 906 F.2d 66, 70 (2d Cir.1990).

■ In petitioner's case, there was a ten-month time span between the crime and the trial. It is reasonable for a jury to infer from the witnesses' testimony that "the credit union is insured" meant "the credit union is and has been insured." There are no intervening circumstances to cast doubt on the credit union's past insured status. Permitting this inference is also appropriate in light of "the common knowledge of the nearly universal prevalence of the banks of the United States having their deposits insured by the Federal Deposit Insurance Corporation." *Sliker,* 751 F.2d at 485.

The petitioner cites *United States v. Allen,* 88 F.3d 765 (9th Cir.1996), in which the Ninth Circuit rejected the inference that a credit union was federally insured at the time of crime based on testimony of insurance at the time of trial. The court stated, "present-tense answers simply do not support the inference that Southern Credit Union was federally insured at the time of the offenses, some four and a half years earlier." *Id.* at 769. The petitioner's case only has a time span of ten months. The court could find no cases rejecting an inference for such a short time span. It was reasonable for the jury to infer past insured status based on present-tense testimony.

The government's evidence was sufficient to prove the FDIC insurance element and sustain a conviction. It was reasonable for the jury to infer past insured status from present-tense testimony. Petitioner's conviction would not have been reversed had defense counsel either moved for a judgment of acquittal or raised the FDIC insurance element on appeal. Therefore, the petitioner cannot show prejudice by counsel's actions, and petitioner's motion is denied.

### Q. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c) and Rule 22(b) of the Federal Rules of Appellate Procedure, no movant may appeal a district court's decision denying a 28 U.S.C. § 2255 motion without a certificate of appealability issued by a district judge or circuit judge. The certificate of appealability will be issued only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In *Lennox,* the Tenth Circuit Court of Appeals held that the standard established for the issuance of a certificate of appealability is the same as that governing the issuance of a certificate of probable cause as set forth in *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). The petitioner must make "a substantial showing of the denial of a federal right." *Lennox v. Evans,* 87 F.3d 431, 433 (10th Cir.1996), *overruled on other grounds by United States v. Kunzman,* 125 F.3d 1363 (10th Cir.1997).

The court finds that petitioner has made "a substantial showing of the denial of a federal right." *Id.* A certificate of appealability is granted, allowing the petitioner to raise the issue of whether he received ineffective assistance of counsel because trial counsel failed to ensure that the government sufficiently proved the FDIC insurance element.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion to Vacate, Set Aside, or Correct Sentence by

a Person in Federal Custody (Doc. 133) is denied.

**IT IS FURTHER BY THE COURT ORDERED** that a Certificate of Appealability is granted. The specific issue subject to appeal is whether the petitioner received ineffective assistance of counsel because trial counsel failed to ensure that the government sufficiently proved the FDIC insurance element of a 18 U.S.C. § 2113 violation.