**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mirza ALI, aka Zulfiqar Eqbal, aka
Henry Stone, Defendant–
Appellant.**

No. 00–10216.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2001

Filed Oct. 2, 2001

John D. Lyons, Assistant United States Attorney, San Francisco, California, for the plaintiff-appellee.

Christopher J. Cannon, San Francisco, California, for the defendant-appellant.

Before: O'SCANNLAIN, TASHIMA, and THOMAS, Circuit Judges.

TASHIMA, Circuit Judge:

Appellant Mirza Ali ("Ali") was convicted of one count of bank fraud, in violation of 18 U.S.C. § 1344(1), and one count of making a false statement to obtain a bank loan, in violation of 18 U.S.C. § 1014. He was sentenced to 30 months' imprisonment, four years of supervised release, and was ordered to pay restitution to the victim bank. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse the conviction.[1]

■ Both the bank fraud count and the false statement count pertain to a loan Ali obtained from the Cupertino National Bank ("CNB" or the "bank") in May 1997. Both counts alleged that CNB was a federally insured financial institution at the time of the relevant conduct. "Proof of federally-insured status of the affected institution is, for both section 1344 and section 1014, a jurisdictional prerequisite as well as an element of the substantive crime." *United States v. Key*, 76 F.3d 350, 353 (11th Cir. 1996). *See* 18 U.S.C. §§ 1014, 1344; *see also* 18 U.S.C. § 20 (defining "financial institution"). Ali contends that the evidence introduced at trial is insufficient to prove this element beyond a reasonable doubt. We agree.

■ There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). There is no dispute here that the only evidence adduced on this point was a certificate of insurance from 1985 and the testimony of CNB loan officer Geraldine Felix. The extent of her testimony about the federally-insured status of the bank was the following exchange:

Q. Now, do you know whether or not the Cupertino National Bank is insured by the Federal Deposit Insurance Corporation?

A. Yes. We're insured by the FDIC, and we're regulated by the OCC.

Q. All right. Have you ever seen the actual certificate of insurance?

A. It's in the lobby of the bank.

. . . . .

Q. Looking at Exhibit 48, is this a fair and accurate photographic copy of the certificate of insurance that is in the lobby of the Cupertino National Bank?

A. Looks like it to me.

We hold that this evidence is insufficient as a matter of law to establish beyond a reasonable doubt that the bank was federally insured at the time of the offenses.[2]

---

1. Ali also appeals from his conviction on other charges in a separate case. We dispose of that appeal in a separate, unpublished memorandum disposition filed concurrently herewith.

2. Ali does not raise and we therefore do not examine whether Felix as a "loan officer" had first-hand knowledge or was otherwise competent to testify to CNB's federally-insured status. We thus accept her testimony at face value.

The evidence that is required to establish this element is minimal. Indeed, "[a] bank employee's 'uncontradicted testimony of a bank's insured status can sufficiently support the jury's conclusion that this element was proven beyond a reasonable doubt.'" *United States v. Hicks*, 217 F.3d 1038, 1045 (9th Cir.2000) (quoting *United States v. Corbin*, 972 F.2d 271, 272 (9th Cir.1992)). Testimony is insufficient, however, when stated only in the present tense at trial, years after the relevant time period, because it cannot establish that the bank was insured on the date of the alleged offense. *See United States v. Allen*, 88 F.3d 765, 768–69 (9th Cir.1996). But a bank official's testimony is not required, *see United States v. Chapel*, 41 F.3d 1338, 1340 (9th Cir.1994); instead, a certificate of insurance may be admitted as circumstantial evidence, *see United States v. Bellucci*, 995 F.2d 157, 160–61 (9th Cir.1993). A certificate of insurance that antedates the offense, however, is not sufficient to establish that the bank was insured on the date of the relevant conduct. *See Chapel*, 41 F.3d at 1340–41 (holding that any suggestion to the contrary in *Bellucci* was merely dictum).

Under our precedent, then, it is clear that neither the certificate nor Felix's testimony alone is sufficient to establish that the bank was federally insured at the time of the relevant offense conduct here—namely, Ali's submission of his loan application in 1997. The certificate of insurance from 1985 antedated the offense by more than a decade. Felix's testimony was provided solely in the present tense at trial, well over two years after the time of the alleged offense. Neither directly supports the inference that CNB was in fact federally insured in May 1997. The government contends, nonetheless, that the jury could have inferred that the federal insurance continued in force uninterrupted from 1985 until the date of trial from such circumstantial evidence. Our precedent, however, is to the contrary.

In *Chapel*, this court found sufficient a certificate that antedated the offense and a declaration from an FDIC official "which gave the chronology of the Bank's insured status and stated that, after a diligent search of the records of the FDIC, no record was found terminating the Bank's insurance." *Id.* at 1340. We found that the declaration was adequate as "[the] additional evidence [that] is required to establish the certificate of insurance was valid on the date of the crime ... *because* it proved the Bank's certificate of insurance remained valid even though it antedated the crime by two years." *Id.* at 1341 (emphasis added). No such evidence to establish similar uninterrupted coverage through the date of the offense was presented at trial here; and, as we noted in *Allen*, testimony of insured status at the time of trial does not "offer[ ] the government any assistance." 88 F.3d at 769.[3]

Yet, we also recognized in *Chapel* that "there are many other types of admissible evidence which would also be sufficient" to establish that an antedated certificate of insurance remained valid at the time of the alleged offense. *Chapel*, 41 F.3d at 1341. In so doing, we relied upon a Tenth Circuit decision listing other evidence which could satisfy the proof requirement. *See United States v. Darrell*, 828 F.2d 644, 648 (10th Cir.1987). Examining *Darrell*, a common thread runs through all of the listed exam-

---

**3.** The government relies on the Second Circuit's decision in *United States v. Sliker*, 751 F.2d 477 (2d Cir.1984). To the extent that *Sliker* holds that testimony at the time of trial as to a bank's current insured status may be sufficient to support an inference of prior coverage, it stands in direct conflict with a decision of this court, which, of course, is controlling. *See Allen*, 88 F.3d at 768–69.

ples—such as a check paying the insurance premium for the period including the date of the crime, or a certificate of insurance with testimony of a cashier that the bank was operating under that certificate—which is that the evidence directly supported the inference of insurance coverage on the particular date of the offense. There is no such evidence in this case that directly supports such an inference.

Moreover, in *United States v. Washburn*, 758 F.2d 1339 (9th Cir.1985), we explicitly adopted the reasoning of the Fifth Circuit in *United States v. Platenburg*, 657 F.2d 797 (5th Cir.1981), where that court "approved [of an earlier decision] as setting the minimum level of acceptable proof." *Washburn*, 758 F.2d at 1340. We described the evidence presented in that earlier decision as follows:

> an FDIC certificate showing the bank was insured five years before the robbery, coupled with the testimony of bank officials that they had seen a fifteen year old original certificate in the bank's vault, that the certificate was maintained in the regular course of business, and that the copies of the certificate were posted in the bank at the time of the robbery.

*Id.* The evidence in this case falls short of that "minimum level of acceptable proof" needed to establish that CNB was federally-insured at the time of the loan application because there is nothing directly to support the inference of such insurance on the date of the alleged offense.

Twenty years ago, the Fifth Circuit forcefully put the government on notice that "[d]espite the fact that FDIC-insured status is an express requirement of the applicable statutes, an essential part of a valid indictment, and an indispensable item of proof of an offense, prosecutors have been extremely lax in the treatment accorded this element. This attitude is not unique to this circuit; we find examples occurring across the nation." *Platenburg*, 657 F.2d at 799. Today we reiterate that sentiment. Proof of federal insurance is not merely an element of the offenses for which Ali was convicted; it is essential to establish federal jurisdiction. Although the threshold quantum of proof for this element may be easily satisfied, it is constitutionally required. Because here the government presented insufficient evidence as a matter of law for a rational trier of fact to find this essential element beyond a reasonable doubt, we must reverse Ali's convictions for the bank-related offenses in violation of 18 U.S.C. §§ 1014 and 1344.[4]

For the foregoing reasons, Ali's convictions on both the bank fraud count and the false statement count are **REVERSED**.

---

4.  Accordingly, we need not address Ali's other arguments as they relate to his conviction on these counts. Nor do we reach his challenge to the restitution awarded to CNB.