UNITED STATES of America, Plaintiff—Appellee,

v.

Angel TEJADA, Defendant—Appellant.

No. 04–35501.
D.C. Nos. CV–03–00200–JWS,
CR–01–00151–JWS.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 2, 2005.\*

Decided Oct. 25, 2005.

Stephan A. Collins, USAK—Office of the U.S. Attorney, Anchorage, AK, for Plaintiff—Appellee.

Angel Tejada, Lompoc, CA, pro se.

Mark D. Osterman, Kenai, AK, for Defendant—Appellant.

Before SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM**

Angel Tejada pleaded guilty to distributing cocaine and carrying a firearm in connection with a drug offense. He argued in a 28 U.S.C. § 2255 motion that his attorney at sentencing "did not do enough to contest an incident used for relevant conduct involving ... [crack] cocaine." The district court rejected Tejada's claim of ineffective assistance of counsel. We affirm.

### DISCUSSION

■ We first note the Certificate of Appealability (COA) issued in this case limits our review to an issue not raised or decid-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ed in the district court. Rather than vacate the COA as improvidently granted, *see Phelps v. Alameda,* 366 F.3d 722, 730 (9th Cir.2004), we will expand the COA to include the issue decided below and briefed on appeal, *see Schardt v. Payne,* 414 F.3d 1025, 1031–32 (9th Cir.2005).

To prevail on his claim of ineffective assistance of counsel, Tejada was required to show that his attorney's representation fell below an objective standard of reasonableness. *See United States v. Thomas,* 417 F.3d 1053, 1056 (9th Cir.2005) (citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Tejada contends his attorney should have argued it was not reasonably foreseeable that his co-defendant would deliver crack cocaine in contrast to cocaine powder. The record indicates, however, that Tejada's attorney did object to the presentence report's inclusion of the crack cocaine sale by arguing that Tejada "was not a crack cocaine dealer." At sentencing, Tejada's attorney again contended that "Tejada was not directly involved in the [crack] cocaine transaction." Thus, although the terminology of foreseeability was not used, the attorney did argue that his client did not sell crack cocaine. Moreover, the attorney was faced with evidence, such as the confidential informant's statement that Tejada sold him crack cocaine, that negated a foreseeability argument. Given these circumstances, we conclude the attorney's failure to argue the point more vigorously did not fall "outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052.

Tejada also raises issues unrelated to his claim of ineffective assistance of counsel. First, he argues he did not consent to judicial fact-finding on the quantity of drugs attributable to him for sentencing

purposes. We recently held that such an argument, arising pursuant to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), may not be made by defendants whose convictions were final prior to publication of *Booker.* *See United States v. Cruz,* 423 F.3d 1119, 1120 (9th Cir.2005). Second, Tejada argues his guilty plea was involuntary and he should be permitted to withdraw it. Tejada did not, however, present this argument in his § 2255 motion and the district court did not address it. In such instances, the issue "is not properly before this court." *United States v. Ware,* 416 F.3d 1118, 1121 n. 2 (9th Cir.2005).

**AFFIRMED.**