**Shasha K. MOORE, Plaintiff—Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

**No. 06–15363.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 9, 2007 *.

Filed Nov. 14, 2007.

Franny A. Forsman, Esq., Paul D. Riddle, Esq., Federal Public Defender's Office, Las Vegas, NV, for Plaintiff–Appellant.

Timothy S. Vasquez, Esq., Office of the U.S. Attorney, Brian Pugh, Las Vegas, NV, for Defendant–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: THOMAS, TALLMAN, and IKUTA, Circuit Judges.

## MEMORANDUM **

Defendant Shasha K. Moore was properly convicted of causing a disturbance on federal property in violation of 41 C.F.R. § 102–74.390. A reasonable finder of fact could find beyond a reasonable doubt from the proof adduced at trial that the site of the incident was occupied by the Social Security Administration office, and therefore was federal property within the meaning of the Code of Federal Regulations, a material element of the offense. Federal property includes "any building, land, or other real property owned, leased, or occupied by any department, agency, or instrumentality of the United States." 20 U.S.C. § 107e(3); 34 C.F.R. § 395.1(g).

Here, prominently displayed at the entrance to the Social Security Center was a notice of the "Rules and Regulations Governing Conduct on Federal Property." In addition, an employee of the Social Security Administration testified that she was an employee of the federal government and that she worked at the Social Security Center in question currently and on the day of the offense. Her purpose was to help "the public with their *agency* needs." Also, although her testimony at trial could be construed to be in the present tense, this testimony was given only four months after the offense was committed, and thus there is no significant time lapse to warrant any scrutiny. *See United States v. Ware*, 416 F.3d 1118, 1121–23 (9th Cir. 2005) (finding that present tense testimony offered within five months of an offense is sufficient by itself to prove a jurisdictional element of the offense).

Similarly, a security guard, although a private contractor hired by the Social Security Center, was competent to attest at trial that federal business was conducted on the property and that the Social Security office "operates on this property[.]" Taken together, a reasonable fact finder could conclude beyond a reasonable doubt that the criminal conduct occurred on federal property. *United States v. Nelson*, 137 F.3d 1094, 1103 (9th Cir.1998) (reasoning that evidence is sufficient to sustain a conviction if "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt").

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provid-