**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff - Appellee,<br><br> v.<br><br>ENRIQUE HURTADO, aka Enrique Hurtado Jiminez,<br><br>   Defendant - Appellant. | No. 09-10035<br><br>D.C. No. CR 08-00102-KJD-LRL<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted March 8, 2010[**]
San Francisco, California

Before: WALLACE, GRABER, and McKEOWN, Circuit Judges.

 Defendant Enrique Hurtado was convicted in federal court on eleven counts,

including one count of bank robbery and one count of armed bank robbery, 18

U.S.C. § 2113(a), (d), and one count of using a firearm during and in relation to a

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

crime of violence, 18 U.S.C. § 924(c)(1)(A). He appeals the sufficiency of the evidence for these convictions. We affirm.

1. Defendant first contends that his stipulation that the bank and the credit union were federally insured at the time of trial—approximately five months after the robberies—was insufficient to prove that those institutions were federally insured at the time of the robberies, as required by 18 U.S.C. § 2113. We review for plain error because Defendant failed to move for acquittal. United States v. Singh, 532 F.3d 1053, 1056-57 (9th Cir. 2008). In addition to signing the stipulation, Defendant told the jury during his closing argument that "whether or not the bank was insured by the FDIC, you don't need[ ] to hear information like that so we stipulate to that." A reasonable jury could have inferred beyond a reasonable doubt from the stipulation and Defendant's concession that the bank and credit union were insured at the time of the robberies. Cf. United States v. Ware, 416 F.3d 1118, 1120 (9th Cir. 2005) (present-tense trial testimony about federally insured status, five months after the robbery, plus other evidence, was sufficient).

2. Defendant also challenges the sufficiency of the evidence establishing that the weapon used to rob the Bank of America branch satisfied the definition of a firearm in 18 U.S.C. § 921(a)(3). Because Defendant moved for acquittal on the

2

18 U.S.C. § 924(c)(1)(A) count, we review the sufficiency of the evidence de novo, United States v. Naghani, 361 F.3d 1255, 1261 (9th Cir. 2004), and we conclude that the evidence was sufficient. The testimony of an eyewitness to a crime may establish that a weapon is a real firearm. United States v. Garrido, No. 08-10398, 2010 WL 653439, at *2 (9th Cir. Feb. 25, 2010); United States v. Westerdahl, 945 F.2d 1083, 1088 (9th Cir. 1991); United States v. Harris, 792 F.2d 866, 867-68 (9th Cir. 1986). Here, the bank teller had an opportunity to observe the weapon at close range. She testified that Defendant "pulled out his gun, pointed at me, and put it right back in his pocket." The teller also testified that, after Defendant showed her the weapon, she "was panicking," giving rise to a reasonable inference that she believed the weapon to be a real firearm. The jury also heard testimony that Defendant fired a firearm during a different robbery three days after robbing the Bank of America branch. There was no evidence that Defendant ever possessed a toy or replica gun. Contra United States v. Martinez-Jimenez, 864 F.2d 664, 665 (9th Cir. 1989).

AFFIRMED.