**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES ALLEN GIPSON,

Defendant - Appellant.

No. 09-30301

D.C. No. 2:07-cr-02056-LRS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, Chief District Judge, Presiding

Submitted July 13, 2010[**]
Seattle, Washington

Before: RYMER and N.R. SMITH, Circuit Judges, and WALTER, Senior District
Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***] The Honorable Donald E. Walter, Senior United States District Judge
for Western Louisiana, sitting by designation.

Charles A. Gipson appeals his jury conviction for robbing the Wapato branch of the Central Valley Bank (Wapato Branch). 18 U.S.C. § 2113(a). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

As the government concedes, the Confrontation Clause was violated by the admission of a declaration stating that an FDIC search revealed no record that the Wapato Branch's FDIC-insured status had been terminated. *See Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527, 2538-40 (2009). However, assuming the issue is preserved, this violation was harmless beyond a reasonable doubt, *see United States v. Norwood*, 603 F.3d 1063, 1068-69 (9th Cir. 2010), and the government met its burden of proving the Wapato Branch's FDIC-insured status, *see United States v. Ware*, 416 F.3d 1118, 1121-23 (9th Cir. 2005). The offending statement was cumulative of other circumstantial evidence showing, beyond a reasonable doubt, that the Wapato Branch was federally insured on the day of the robbery. Moreover, Gipson presented no evidence contradicting the government's records and testimony, and he does not contend on appeal that this evidence was improperly admitted.

Further, the district court did not abuse its discretion in admitting exhibits comparing post-arrest photographs of Gipson with stills of the bank robber taken from the security camera footage. "The admission of photographic evidence is

2

largely a matter of discretion for the trial judge." *United States v. May*, 622 F.2d 1000, 1007 (9th Cir. 1980). First, these photographs were not altered as Gipson claims. Second, the production of the photographs was thoroughly described to the jury, so it was within the province of the jury to decide how much weight to give this evidence. *See Unites States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003). Third, the jury had the originals to compare to the enlarged photographs, so it could determine whether there had been improper manipulation. *Cf. United States v. Stubblefield*, 621 F.2d 980, 983 (9th Cir. 1980) ("[T]he photographs exhibited to the [government's witnesses] depicted the perpetrators of the robbery. Thus, any resemblance between the persons in the photographs and the defendants not only was not impermissibly suggestive, but, in fact, was highly probative."); *Manson v. Brathwaite*, 432 U.S. 98, 116 (1977) ("We are content to rely upon the good sense and judgment of American juries, for evidence with some element of untrustworthiness is customary grist for the jury mill.").

AFFIRMED.