**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10297 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00165-RLH-GWF-1 |
| v. | |
| BRENT EDWARD LOVETT, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Submitted April 12, 2016**
San Francisco, California

Before: WALLACE, SCHROEDER, and N.R. SMITH, Circuit Judges.

Lovett appeals from a judgment following a jury trial verdict convicting him

of bank fraud under 18 U.S.C. § 1344. On appeal, Lovett contends that: no rational

trier of fact could conclude beyond a reasonable doubt that Lockheed Federal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Credit Union (Lockheed) was federally insured; the government engaged in prosecutorial misconduct by depriving him of his Sixth Amendment right to counsel; the district court abused its discretion in formulating the vicarious liability jury instruction; cumulative error deprived him of a fair trial; and the district court abused its discretion in ordering Lovett to pay restitution in the amount of $4,899,134.78. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

First, the government proved beyond a reasonable doubt that Lockheed was federally insured through the testimony of Lockheed's CEO, who stated that Lockheed was federally insured in 2006, the year in which Lovett obtained the 7.5 million dollar loan. *See United States v. Ali*, 266 F.3d 1242, 1243 (9th Cir. 2001) (citation omitted) (providing that in prosecutions for bank fraud, proof of federally insured status of the victim institution is both a jurisdictional prerequisite and an element of the substantive crime). Our court has already held that "[a] bank employee's 'uncontradicted testimony of a bank's insured status can sufficiently support the jury's conclusion that this element was proven beyond a reasonable doubt.'" *United States v. Hicks,* 217 F.3d 1038, 1045 (9th Cir. 2000) (quoting *United States v. Corbin*, 972 F.2d 271, 272 (9th Cir. 1992)).

Second, we review Lovett's claims of prosecutorial misconduct for plain error as Lovett failed to object to the alleged misconduct during trial. *United States*

2

*v. Tam*, 240 F.3d 797, 802 (9th Cir. 2001) (standard of review). Lovett contends that the government "maligned him in the role of defense attorney" during closing arguments. Lovett does not show how the prosecution's statements amount to misconduct. The prosecutor referred to Lovett's pro se status simply to implore that the jury not be blinded by sympathy because Lovett chose to proceed pro se; the prosecutor never referred to Lovett as a "liar" or told jurors that Lovett was "lying"; and the prosecutor was not precluded from attacking the reliability of a defense witness during closing argument. *See United States v. Nobari*, 574 F.3d 1065, 1079 (9th Cir. 2009) (holding that there is no misconduct during closing argument when the prosecutor attacks the defense on the merits, not the integrity of the defense counsel).

Third, the district court did not abuse its discretion in formulating the vicarious liability jury instruction. *United States v. Stinson*, 647 F.3d 1196, 1215 (9th Cir. 2011) (standard of review). The district court's instruction not only followed Ninth Circuit Model Jury Instruction § 8.122, Scheme to Defraud–Vicarious Liability, but it also mirrored our holding in *United States v. Stapleton*, 293 F.3d 1111, 1118-19 (9th Cir. 2002), in which we concluded that, even in the absence of a conspiracy charge, individuals engaged in a scheme to defraud can be held vicariously liable for their co-schemer's conduct.

Fourth, where, as here, "there is no single constitutional error in [the] case, there is nothing to accumulate to the level of a constitutional violation," and a defendant's allegation that the cumulative effect of errors prejudiced his right to a fair trial fails. *Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002) (citing *Fuller v. Roe*, 182 F.3d 699, 704 (9th Cir. 1999)).

Last, the district court did not abuse its discretion in ordering Lovett to pay restitution in the amount of $4,889,134.78. *United States v. Brock-Davis*, 504 F.3d 991, 996 (9th Cir. 2007) (standard of review). Lovett contends that the district court's restitution order runs afoul of *United States v. Yeung*, 672 F.3d 594 (9th Cir. 2012). Lovett ignores that the United States Supreme Court overruled *Yeung* in *Robers v. United States*, 134 S.Ct. 1854, 1856 (2014), holding that "a sentencing court must reduce the restitution amount by the amount of money the victim received in selling the collateral, not the value of the collateral when the victim received it." Here, the district court correctly calculated restitution based on the amount of money Lockheed recovered when it sold the Tenaya building on May 21, 2010.

AFFIRMED.