**NOT FOR PUBLICATION**


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-50270 |
| Plaintiff-Appellee, | D.C. No. 5:14-cr-00087-JGB-1 |
| v. | |
| HENRY LOFTIES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted December 5, 2016[**]
Pasadena, California

Before:  PREGERSON, D.W. NELSON, and OWENS, Circuit Judges.

Henry Lofties appeals from his conviction, after a jury trial, for bank

robbery, in violation of 18 U.S.C. § 2113(a).  As the parties are familiar with the

facts, we do not recount them here.  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We reject Lofties' challenges to the district court's evidentiary rulings related to the requirement that the bank be insured by the Federal Deposit Insurance Corporation ("FDIC"). The district court did not abuse its discretion in admitting the testimony of either bank teller Marco Sabaja or vice president Ronald Gillman. *See United States v. McFall*, 558 F.3d 951, 960 (9th Cir. 2009) (stating that evidentiary rulings are reviewed for an abuse of discretion); *see also* Fed. R. Evid. 602, 801(a). In addition, even if it violated the Confrontation Clause to admit the "Certificate of Proof of Insured Status" by FDIC executive Ralph E. Frable, any error was harmless in light of other evidence that the bank was insured by the FDIC at the time of the robbery. *See United States v. Norwood*, 603 F.3d 1063, 1068-69 (9th Cir. 2010) (setting forth harmless error standard).

We also reject Lofties' argument that there was insufficient evidence for the jury to find that the bank was insured by the FDIC. The amount of evidence required to establish that a bank was FDIC-insured at the time of a robbery is "minimal." *United States v. Ali*, 266 F.3d 1242, 1244 (9th Cir. 2001). Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that the bank was insured by the FDIC at the time of the robbery. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

**AFFIRMED**.