Ranjeet SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71614.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Aug. 9, 2004.*

Decided Aug. 20, 2004.

Madan Ahluwalia, Esq., Ahluwalia Law Office, San Mateo, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Ranjeet Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order affirming an Immigration Judge's ("IJ") opinion denying his applications for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a)(1). We review adverse credibility findings for substantial evidence, *Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999), and we deny the petition for review.

The IJ observed Singh's demeanor and concluded that Singh's testimony was not credible. The IJ noted specifically that during direct examination, Singh appeared relaxed, answered questions forthrightly and quickly, and maintained good eye contact but when Singh was cross-examined about a medical certificate, Singh was evasive, nervous and avoided any eye contact. The IJ also noted that Singh's facial muscles tightened and he developed a slight tic in one eye. The IJ further found that Singh's testimony regarding his experience at the hands of the police was described without any emotion, and was more consistent with a memorized recital than an honest recollection. Accordingly, substantial evidence supports the IJ's adverse credibility determination based on demeanor.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*See Singh–Kaur*, 183 F.3d at 1151 (noting that a credibility finding based on demeanor is given "special deference").

Because Singh does not satisfy the standard for asylum, he necessarily fails to satisfy the more stringent standard for withholding of deportation. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), Singh's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**