**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IYABO WILLIAMS,

*Petitioner,*

v.

MICHAEL B. MUKASEY, Attorney General,

*Respondent.*

No. 05-70987

Agency No.
A40-392-119

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2008*
San Francisco, California

Filed July 9, 2008

Before: J. Clifford Wallace and Susan P. Graber,
Circuit Judges, and Robert J. Timlin, ** District Judge.

Opinion by Judge Graber

---

*The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

**The Honorable Robert J. Timlin, United States District Court for the Central District of California, sitting by designation.

**COUNSEL**

Donald Ungar, San Francisco, California, for the petitioner.

James E. Grimes, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for the respondent.

**OPINION**

GRABER, Circuit Judge:

Petitioner Iyabo Williams, a Nigerian national, petitions for review of the Board of Immigration Appeals' denial of her untimely motion to reopen. Petitioner was ordered deported following her conviction and sentencing for conspiracy to import a controlled substance in violation of 21 U.S.C. § 963 and conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. Although Petitioner became subject to a final order of removal on February 18, 1994, she did not file her motion to reopen until November 5, 2004.

Petitioner seeks reopening pursuant to the regulations implementing the United States' obligations under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), Dec. 10, 1984, 1465 U.N.T.S. 85, 23 I.L.M 1027. *See* Regulations

Concerning the Convention Against Torture ("CAT Regulations"), 64 Fed. Reg. 8478, 8482-83 (Feb. 19, 1999) (codified at various parts of 8 C.F.R.); 8 C.F.R. §§ 208.16-208.18 (1999).[1] Those regulations, which were promulgated while Petitioner was incarcerated, provide that an alien who became subject to a final order of removal before March 22, 1999, could submit a motion to reopen proceedings for consideration of withholding or deferral of removal under CAT, but only if the motion were filed before June 21, 1999. 8 C.F.R. § 208.18(b) (1999).

Petitioner argues that she was entitled to "actual notice" of the reopening procedures under CAT and that, as a result, publication of the CAT Regulations in the Federal Register was insufficient notice to afford her due process.[2] On de novo review, *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004), we disagree. We publish this opinion to clarify that the general rules concerning adequacy of notice through publication in the Federal Register apply in the immigration context.

**[1]** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), and its progeny provide the "appropriate analytical framework" for considering the adequacy of notice of government action. *Dusenbery v. United States*, 534 U.S.

---

[1]The regulations have been renumbered as 8 C.F.R. §§ 1208.16-1208.18.

[2]Petitioner does not contend that the law library where she was incarcerated lacked legal materials concerning the CAT Regulations, nor does she argue that equitable tolling applies. *See, e.g.*, *Roy v. Lampert*, 465 F.3d 964, 973-74 (9th Cir. 2006) (concluding that the petitioners "made sufficient allegations of extraordinary circumstances" that were beyond their control to justify remanding the case for an evidentiary hearing on their contention that a deficient prison law library justified equitable tolling of the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam) (remanding for development of the record on the petitioner's contention that his late-filed habeas corpus petition should be allowed because of equitable tolling or a finding of "impediment" under AEDPA, 28 U.S.C. § 2244(d)(1)(B)).

161, 167-68 (2002). Under that framework, "due process requires the government to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (quoting *Mullane*, 339 U.S. at 314). As a general rule, "publication in the Federal Register is legally sufficient notice to all interested or affected persons regardless of actual knowledge or hardship resulting from ignorance." *Camp v. U.S. BLM*, 183 F.3d 1141, 1145 (9th Cir. 1999) (internal quotation marks omitted).

**[2]** Publication in the Federal Register may not be sufficient notice to a party when the published information concerns imminent government action that directly affects the party's rights and that party's interest in the government action is more than "purely speculative." *See Covelo Indian Cmty. v. Fed. Energy Regulatory Comm'n*, 895 F.2d 581, 588 (9th Cir. 1990) (per curiam) (addressing the sufficiency of notice through publication in the Federal Register of the Federal Energy Regulatory Commission's ("FERC") relicensing of a hydroelectric plant and addressing the plaintiff's contention that due process required actual notice). Here, Petitioner cannot establish that the government had anything more than speculative knowledge that she was eligible for CAT relief when the regulations were promulgated. *See id.* at 587-88 (explaining that the effect of FERC's actions on the plaintiff was "purely speculative" and that, even though the relicensing of the hydroelectric plant "might" affect the plaintiff's interests, it was "far from certain" that the value of the plaintiff's water and fishing rights would be diminished by FERC's actions). Accordingly, publication of the CAT Regulations in the Federal Register provided Petitioner with the notice that due process required. *See id.* at 588 (rejecting the plaintiff's contention that publication in the Federal Register provided inadequate notice and that actual notice was required).

**[3]** To the extent that Petitioner also claims that publication in the Federal Register was "insufficient in law," *see* 44 U.S.C. § 1507,[3] that argument fails because the government had no independent legal duty to provide notice by a different method, *see Camp*, 183 F.3d at 1145 (holding that notice by publication was "insufficient in law" because the BLM had an "independent legal duty" to provide personal notice to Camp under then-applicable federal regulations). Petitioner suggests that publication in the Federal Register is "insufficient in law" simply because there are more effective methods of notice that are not particularly burdensome, such as circulation of notice among the prison population. But the availability of an alternative method of notice, regardless of its reasonableness, does not itself impose a legal obligation.

PETITION FOR REVIEW DENIED.

---

[3]Section 1507 provides, in relevant part, that the "filing of a document [in the Federal Register] . . . , *except in cases where notice by publication is insufficient in law*, is sufficient to give notice of the contents of the document to a person subject to or affected by it." 44 U.S.C. § 1507 (emphasis added).