**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JONATHAN E. MARTINEZ-GARCIA, | No. 05-75457 |
| Petitioner, | |
| v. | Agency No. A074-322-464 |
| | MEMORANDUM [*] |
| ERIC H. HOLDER JR., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2009
San Francisco, California

Before:  COWEN, [**] GRABER, and BYBEE, Circuit Judges.

Petitioner Jonathan E. Martinez-Garcia sought relief from removal before an immigration judge.  The immigration judge denied relief other than permission to depart voluntarily; on appeal, the Board of Immigration Appeals ("BIA") affirmed without opinion.  This court denied Petitioner's timely petition for review.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Martinez-Garcia v. Ashcroft, 108 F. App'x 463 (9th Cir. 2004) (unpublished decision).

Petitioner failed to appear for his scheduled departure. Instead, he applied for relief under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-100, 111 Stat. 2160 (1997); he filed a motion to reopen with the BIA; and he filed a habeas corpus petition, pursuant to 28 U.S.C. § 2241, in federal district court. Petitioner sought a stay of removal until the BIA could resolve the pending NACARA application and motion to reopen. After enactment of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, the district court transferred the habeas case to this court pursuant to section 106(c) of that Act.

Thereafter, the BIA denied the motion to reopen as untimely because it was filed two years after issuance of the final order of removal, rather than within ninety days; and Citizenship and Immigration Services denied the NACARA application because Petitioner was subject to an outstanding final order of removal. We, therefore, must dismiss the petition as moot.

Petition DISMISSED.