**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANJEET SINGH,<br><br>             Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>             Respondent. | No. 10-71273<br><br>Agency No. A075-293-522<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]
San Francisco, California

Before: RIPPLE,[***] SILVERMAN, and GOULD, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

Ranjeet Singh petitions for review of an order of the Board of Immigration Appeals denying his motion to reopen, which we review for an abuse of discretion, *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014). The petition is denied.

As the Board concluded, Mr. Singh is bound by the deadline for motions to reopen deportation proceedings found at 8 C.F.R. § 1003.2(c)(2). That regulation, promulgated in April 1996, *see* Executive Office for Immigration Review; Motions and Appeals in Immigration Proceedings, 61 Fed. Reg. 18,900 (Apr. 29, 1996), is not impermissibly retroactive as to Mr. Singh, who entered the United States and was served with an Order to Show Cause in September 1996. The relevant law has not changed with respect to the filing deadline at any time during the pendency of his administrative proceedings.

Nor has Mr. Singh demonstrated that he satisfies the exception in 8 C.F.R. § 1003.2(c)(3)(ii) based on changed country conditions. In an attempt to demonstrate that the situation in Punjab has deteriorated, Mr. Singh invites our attention to reports in the record that the situation had been improving for the Sikh community at the time of his initial proceedings. We agree that the record supports the view that, at the time of his initial proceedings, the situation had improved as compared to a particularly brutal period of insurgency and counterinsurgency from 1984 to 1994. When viewed in its totality, however, the record in Mr. Singh's

2

proceedings strongly supports the view that human rights conditions in India, especially with respect to custodial abuse and arbitrary arrest, have been far less than ideal throughout all relevant periods on a country-wide basis. Indeed, Mr. Singh's own brief to this court quotes sections of the record referring to a long history of abuses against the Sikh community in particular. Based on this record, the Board did not abuse its discretion in concluding that Mr. Singh had failed to carry his burden to demonstrate that conditions had "changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution." *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004).

Mr. Singh's alternative arguments, based on lack of notice, do not allow him to avoid the deadline for filing a motion to reopen. The Board was under no obligation to notify Mr. Singh of the deadline or of the possibility of relief under the Convention Against Torture when such relief became available while his appeal was pending before the Board. Absent special circumstances, not present on this record, "publication in the Federal Register is legally sufficient notice to all interested or affected persons regardless of actual knowledge or hardship resulting from ignorance." *Williams v. Mukasey*, 531 F.3d 1040, 1042 (9th Cir. 2008) (internal quotation marks omitted).

Moreover, even if Mr. Singh had demonstrated either changed country conditions relevant to his claim or that the motions deadline should have been tolled for some equitable reason not set out in the regulations, the fact remains that his initial claim was denied solely on the basis of an adverse credibility finding by the immigration judge, previously upheld by the Board and by this court, *Singh v. Ashcroft*, 108 F. App'x 468 (9th Cir. 2004). Changed conditions in India have no bearing on this finding, which was based primarily on Mr. Singh's demeanor and the delivery of his testimony. *See Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (concluding that new country-conditions evidence was immaterial in light of a conclusive adverse credibility finding).

Finally, the Board did not abuse its discretion in denying Mr. Singh's motion to reopen his deportation proceedings in order to allow him to request that the Department of Homeland Security "repaper" him in removal proceedings so that he might apply for cancellation of removal. Because Mr. Singh is already subject to a final administrative order in deportation proceedings, he is outside of the class of persons who are candidates for repapering under the statute. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, § 309(c)(3), 110 Stat. 3009-546, 3009-626 (noting the executive authority to "elect to terminate [deportation] proceedings *in which there has not been a final*

4

*administrative decision*" in order to "reinitiate [removal] proceedings" (emphasis added)).  Furthermore, Mr. Singh identified no applicable exception to the motions deadline that would save an untimely motion based on a request for repapering.

Because the Board did not abuse its discretion in determining that the motion was untimely and that Mr. Singh had failed to demonstrate an applicable exception to the deadline, we deny the petition for review.

**PETITION FOR REVIEW DENIED.**