**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10550 |
| Plaintiff-Appellee, | DC No. CR 17-0198 WHA |
| v. | |
| MARC GROAH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted March 13, 2019[**]
San Francisco, California

Before: SILER,[***] TASHIMA, and McKEOWN, Circuit Judges.

Defendant-Appellant Marc Groah was convicted by a magistrate judge under

36 C.F.R. § 2.13(a)(1) for lighting or maintaining a fire on Rodeo Beach in the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

[***]      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Golden Gate National Recreation Area; the district court affirmed the conviction on appeal. Groah now appeals to this Court on the grounds that the government did not adduce sufficient evidence to prove that Rodeo Beach was not designated for fires on the date of the offense, and that the government had not provided constitutionally sufficient notice that lighting a fire on Rodeo Beach was prohibited. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. "We review the sufficiency of evidence in a criminal trial de novo, asking whether, after 'viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Arnt*, 474 F.3d 1159, 1162 (9th Cir. 2007) (quoting *United States v. Shipsey*, 363 F.3d 962, 971 n.8 (9th Cir. 2004)). To establish the violation with which Groah was charged, the government had to prove that (1) Groah lit or maintained a fire; and (2) the fire was in an area not designated for a fire on federally owned land administered by National Park Service. *See* 36 C.F.R. § 2.13(a)(1). While Groah does not dispute that he lit and maintained a fire on federal land, he contends that the government failed to prove beyond a reasonable doubt that Rodeo Beach was not an area designated for fires on January 17, 2017, the date of the offense.

However, National Park Service Ranger Paul Forward—whom the magistrate judge found to be "percipient" and "knowledgeable"—gave uncontradicted testimony that Rodeo Beach was not designated for fires on January 17, 2017. Ranger Forward's testimony provides the minimal evidence required to establish the status of Rodeo Beach on the day of the offense. *See United States v. Ali*, 266 F.3d 1242, 1244 (9th Cir. 2001) ("[A] bank employee's uncontradicted testimony of a bank's insured status can sufficiently support the jury's conclusion that this element was proven beyond a reasonable doubt." (citation and internal quotation marks omitted)). Ranger Forward's testimony was further corroborated by a webpage printout from April 2017 showing that, within the Golden Gate National Recreation Area, only Muir Beach and Ocean Beach are designated for fires. Based on this evidence, a rational trier of fact could find that fires were not permitted at Rodeo Beach on the date of the charged offense, and that Groah therefore violated 36 C.F.R. § 2.13(a)(1). *See Arnt*, 474 F.3d at 1162.

**2.** We review de novo adequacy of notice claims and a district court's interpretation of a regulation, including whether a regulation provides enough notice to satisfy due process. *See Williams v. Mukasey*, 531 F.3d 1040, 1042 (9th Cir. 2008); *United States v. Lee*, 183 F.3d 1029, 1033 (9th Cir. 1999); *United States v. Bozarov*, 974 F.2d 1037, 1040 (9th Cir. 1992). Groah was charged with

violating 36 C.F.R. § 2.13(a)(1), which states that lighting or maintaining a fire is "prohibited" on certain federal land, "except in designated areas . . . ." *See* 36 C.F.R. § 2.13(a)(1).  While the regulation itself does not provide notice of which areas specifically are designated or undesignated for fires, it does provide notice that fires are prohibited, except in designated areas.  *See id.*  This language gives a "person of ordinary intelligence a reasonable opportunity to know" that he may not light a fire unless an area is specifically designated for a fire.  *See Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).  Because publication in the Code of Federal Regulations meets the notice requirements imposed by the Constitution, 36 C.F.R. § 2.13(a)(1) provided constitutionally sufficient notice that Groah was prohibited from lighting or maintaining a fire at Rodeo Beach because Rodeo Beach was not specifically designated for fires.  *See Bozarov*, 974 F.2d at 1045; *United States v. Vasarajs*, 908 F.2d 443, 448 (9th Cir. 1990).

**AFFIRMED.**