**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FIDEL PIEDRA-ALVAREZ, AKA Fidel Alvarez,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-71943

Agency No. A038-526-953

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2020**
Phoenix, Arizona

Before:  BYBEE, MURGUIA, and BADE, Circuit Judges.

Fidel Piedra-Alvarez, a citizen and resident of Mexico, petitions for review

of the Board of Immigration Appeals's ("BIA") decision affirming the denial of his

motion to reopen removal proceedings under former section 212(c) of the

Immigration and Nationality Act.  Because the parties are familiar with the facts,

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

we do not recite them here. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), and we deny the petition.

The BIA properly dismissed Piedra-Alvarez's appeal. Under *INS v. St. Cyr*, relief under former section 212(c) "remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." 533 U.S. 289, 326 (2001). The Executive Office for Immigration Review ("EOIR") set a deadline of April 26, 2005 for eligible lawful permanent residents ("LPRs") to file special motions to reopen pursuant to *St. Cyr*. Section 212(c) Relief for Aliens with Certain Criminal Convictions Before April 1, 1997, 69 Fed. Reg. 57,826, 57,834 (Sept. 28, 2004) (codified at 8 C.F.R. § 1003.44(h)). Piedra-Alvarez contends that although he missed the deadline to seek relief under former section 212(c), the deadline itself is invalid—both because the deadline is arbitrary and because the rule establishing the deadline did not provide him constitutionally sufficient notice. Both arguments are foreclosed by our holding in *Luna v. Holder*, 659 F.3d 753, 759–60 (9th Cir. 2011).

In *Luna*, we held that 8 C.F.R. § 1003.44(h) is "a constitutionally-sound procedural rule." *Id.* at 755. When determining whether an agency decision is arbitrary or capricious, we examine whether the agency provided "a reasoned

2

explanation for its action," which is "not a high bar." *Judulang v. Holder*, 565 U.S. 42, 45 (2011). Because the EOIR gave an explanation for the deadline when promulgating the rule—the need to provide both the opportunity for LPRs to apply for relief, as required by *St. Cyr*, 533 U.S. at 326, and "finality" in LPRs' immigration proceedings—the agency acted lawfully in establishing the deadline. *See* Section 212(c) Relief for Aliens with Certain Criminal Convictions Before April 1, 1997, 67 Fed. Reg. 52,627, 52,628 (Aug. 13, 2002). To the extent that the deadline was arbitrary, all deadlines are arbitrary. *See United States v. Boyle*, 469 U.S. 241, 249 (1985) ("Deadlines are inherently arbitrary; fixed dates, however, are often essential to accomplish necessary results.").

Moreover, Piedra-Alvarez's contention that 8 C.F.R. § 1003.44 impermissibly treats two groups of removable LPRs differently based only on when the LPR was placed in removal proceedings does not invalidate the rule under *Judulang*, 565 U.S. at 55. It is true that LPRs convicted at the same time as Piedra-Alvarez but placed in removal proceedings *after* the regulatory deadline would have a later opportunity to seek relief under former section 212(c). *See* 8 C.F.R. § 1212.3(e) (providing that LPRs who pled guilty to certain crimes before April 1, 1997 can apply for relief under former section 212(c) during the pendency of their removal proceedings). But this does not make the deadline arbitrary under *Judulang*, which involved *substantive* requirements for relief from removal, rather

3

than a procedural requirement like a deadline. *See* 565 U.S. at 55, 64 (detailing the so-called "comparable-grounds" rule for evaluating an alien's substantive eligibility for relief under former section 212(c)).

Finally, as we explained in *Luna*, publication of the deadline in the Federal Register provided constitutionally sufficient notice of the availability of relief. 659 F.3d at 759. Piedra-Alvarez contends he is meaningfully different from the petitioner in *Luna* because he has lived outside the country since his removal in 1998, and therefore lacked the ability to discover the change in immigration law after *St. Cyr*. However, Piedra-Alvarez cites no authority that would require the federal government to give him individual notice of the change in rules. In general, publication in the Federal Register constitutes adequate notice of the availability of relief in the immigration context, except in cases where "imminent government action . . . directly affects [a] party's rights and that party's interest in the government action is more than 'purely speculative.'" *Williams v. Mukasey*, 531 F.3d 1040, 1042 (9th Cir. 2008) (quoting *Covelo Indian Cmty. v. Fed. Energy Regul. Comm'n*, 895 F.2d 581, 588 (9th Cir. 1990) (per curiam)). Here, Piedra-Alvarez has failed to show that the government had more than "speculative knowledge" that he was specifically entitled to relief. *See id.* at 1042–43. In fact, Piedra-Alvarez was facially *ineligible* for relief under section 212(c) as it existed when he pled guilty because he was removed pursuant to an aggravated felony and

4

a controlled substance violation.  *See* Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 440(d), 110 Stat. 1214 (1996).  Therefore, the government was not required to provide more than notice by publication in Piedra-Alvarez's case.

**DENIED.**