FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>        Plaintiff - Appellee, <br><br>   v. <br><br> EVE MAZZARELLA, <br><br>        Defendant - Appellant. | No. 12-10171 <br><br> D.C. No. 2:08-cr-00064-RLH-GWF-2 <br><br><br> MEMORANDUM[*] |

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>        Plaintiff - Appellee, <br><br>   v. <br><br> EVE MAZZARELLA, <br><br>        Defendant - Appellant. | No. 13-10401 <br><br> D.C. No. 2:08-cr-00064-RLH-GWF-2 |

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>        Plaintiff - Appellee, <br><br>   v. | No. 13-10658 <br><br> D.C. No. 2:08-cr-00064-RLH-GWF-2 |

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

EVE MAZZARELLA,

Defendant - Appellant.

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Argued and Submitted November 17, 2014
San Francisco, California

Before: GOULD, WATFORD, and FRIEDLAND, Circuit Judges.

Eve Mazzarella appeals from her convictions related to a mortgage fraud scheme. She raises challenges including an ineffective assistance of counsel claim, and challenges to evidentiary rulings, jury instructions, and the sufficiency of the evidence supporting several elements of her bank fraud convictions. We have jurisdiction under 28 U.S.C. § 1291. On the issues covered by this memorandum disposition, we dismiss in part and affirm in part.[1]

**1.** Ineffective assistance of counsel claims are generally inappropriate on direct appeal. *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003). We dismiss

---

[1] We vacate and remand the district court's denial of Mazzarella's two motions for a new trial in an opinion filed concurrently with this memorandum. Because the district court on remand may ultimately vacate one or more of Mazzarella's convictions, requiring re-sentencing, we do not reach her arguments related to sentencing error, which she may present again after the district court's proceedings on remand have concluded.

2

Mazzarella's claim because "the record on appeal is [not] sufficiently developed to permit review" and "the legal representation [was not] so inadequate that it obviously" denied Mazzarella her Sixth Amendment right to counsel. *Id.* (internal quotation marks omitted). The record here does not show how the work of preparing Curt Novy's testimony was divided among counsel for the three co-defendants, the depth of preparation, the reasons for declining to examine Novy on re-direct, or on what basis, if any, Mazzarella's trial counsel relied on co-defendants' counsel to adequately prepare for their assigned roles. Because strategic choices made after thorough preparation will almost never constitute ineffective assistance of counsel, *see Duncan v. Ornoski*, 528 F.3d 1222, 1234 (9th Cir. 2008), further development of the record is needed to determine which, if any, of the failures alleged by Mazzarella were such strategic choices.

Because of the strong presumption of attorney competence, *see United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253–54 (9th Cir. 1987) (as amended), the representation was not so inadequate on the face of the existing record that Mazzarella was obviously deprived of her rights. Even in combination with an unimpressive opening statement and closing argument, the heart of Mazzarella's claims is based on the Curt Novy testimony, and we cannot say from the record

3

what choices were made by Mazzarella's trial counsel or why, nor can we conclude whether his performance was ineffective.[2]

**2.** The district court did not abuse its discretion in making its evidentiary rulings. A good faith belief that the victim will be repaid and will sustain no loss is no defense to fraud. *United States v. Molinaro*, 11 F.3d 853, 863 (9th Cir. 1993). It is irrelevant that Mazzarella may have transferred monies, after obtaining them fraudulently, to legitimate business entities she created to make mortgage payments and pay for repairs to the purchased properties. *United States v. Thomas*, 32 F.3d 418 (9th Cir. 1994), is distinguishable: *Thomas* involved a mail fraud scheme in which the defendant inflated fruit prices to growers at some points and underpriced them at others as part of an averaging plan, and we held that it was error to exclude testimony of overpayments to growers because it went toward his intent to defraud. *Id.* at 419, 420–22. Here, the evidence proffered by Mazzarella does not speak to whether she intended to obtain money from the lending banks through material misstatements, but only to what she did with that money after the fraud was complete.

---

[2]  We express no opinion whether Mazzarella can present any valid claims of ineffective assistance of counsel on an adequate record through a motion under 28 U.S.C. § 2255.

Even assuming that the district court abused its discretion by permitting the government to introduce evidence that suggested only Mazzarella's greed instead of showing a required element of any offense, we conclude that the admission did not more likely than not affect the verdict and was harmless. *See United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004).

**3.** The district court did not abuse its discretion concluding that Mazzarella did not establish a factual foundation needed to support her requested advice-of-counsel jury instruction. *See United States v. Urena*, 659 F.3d 903, 906 (9th Cir. 2011). An advice-of-counsel instruction requires a showing that Mazzarella "made a full disclosure of all material facts to [her] attorney and that [she] then relied" on the course of conduct recommended in good faith. *United States v. Bush*, 626 F.3d 527, 539 (9th Cir. 2010). Here, there was no evidence that Mazzarella or her co-defendants disclosed to their attorney that they intended to use false information on the straw buyers' loan applications, and the attorney testified that had he known as much, he would have advised against their plan. As for the requested good-faith instruction, our precedents are clear that a good-faith instruction is not required where the district court instructs adequately on intent, *see United States v. Shipsey*, 363 F.3d 962, 967 (9th Cir. 2004) (as amended), and there is no dispute that it did so here.

**4.** After construing the evidence "in the light most favorable to the prosecution," we conclude that a "rational trier of fact could have found the essential elements of [bank fraud] beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (internal quotation marks omitted). We reject Mazzarella's contentions that as to her six bank fraud convictions, there was insufficient evidence to establish that she knowingly carried out a plan to obtain money from Amtrust Bank through false statements, that she acted with the intent to defraud, or that the banks were federally insured at the time of the relevant transactions. Mazzarella argues that to the extent there is evidence that Mazzarella carried out a plan or scheme, its target was MVP Financial Services, a brokerage firm listed as the lender on the documents Mazzarella says she saw, rather than Amtrust. But Skip Young, an MVP employee and one of Mazzarella's confederates, testified that before he took his position at MVP, he explained to Mazzarella that MVP was a broker with access to about eighty banks. Young also testified that mortgage payments on one of the properties purchased in the scheme were made to Amtrust—the lender that issued the mortgage on that property—using checks that were signed by Mazzarella. Other testimony explained that Amtrust provided all the relevant funding. A reasonable jury could have concluded based on Young's testimony that Mazzarella intended to defraud a

6

bank, and that she knew Amtrust was a lender at the time false loan applications were submitted.

There was also sufficient evidence showing that Amtrust was federally insured at the time of the fraudulent transactions. Alicia Hanna, who worked as a fraud investigator at Amtrust from 2001 through 2009, testified in the past tense—albeit in response to a question asked in the present tense—that Amtrust was a federally insured bank, and the surrounding context suggests she was referring to the period in which the fraudulent loan applications were made. The transactions occurred between December 2006 and June 2007, all during Hanna's tenure at Amtrust. Also, several loan documents, introduced as exhibits and bearing dates from December 2006 and March 2007, demonstrated that Ohio Savings (the same entity as Amtrust) was federally insured by identifying it as "Ohio Savings Bank, FSB." This is distinguishable from *United States v. Ali*, 266 F.3d 1242, 1244 (9th Cir. 2001), where we held that present-tense trial testimony that a bank is federally insured and a single certificate of insurance from a decade before the relevant transaction is insufficient to show a bank was federally insured at the relevant time.

5.     Except for errors discussed in the concurrently filed opinion, we reject Mazzarella's contentions related to specific alleged errors, and we also reject her

cumulative error claim. No error she has identified supports reversal individually or in the aggregate.

**DISMISSED in part, AFFIRMED in part.**