**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10004 |
| Plaintiff-Appellee, | D.C. No. 2:08-cr-00064-JCM-GWF-2 |
| v. | |
| EVE MAZZARELLA, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10007 |
| Plaintiff-Appellee, | D.C. No. 2:08-cr-00064-JCM-GWF-1 |
| v. | |
| STEVEN GRIMM, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted April 20, 2017
San Francisco, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SCHROEDER and RAWLINSON, Circuit Judges, and STAFFORD,[**] District Judge.

Defendants Eve Mazzarella and Steven Grimm appeal the denial of their motions for new trial and their sentences following convictions for mortgage fraud. For the following reasons, we affirm.

Mazzarella and Grimm were both convicted of mortgage fraud conspiracies and the convictions are no longer at issue. *See United States v. Mazzarella*, 784 F.3d 532 (9th Cir. 2015); *United States v. Mazzarella*, 609 F. App'x 914 (9th Cir. 2015) (collectively, "*Mazzarella I*"). In *Mazzarella I*, we vacated the district court's denial of their previous motions for new trial and remanded for consideration of *Brady* issues and a search in possible violation of the Fourth Amendment.

On remand, the district court authorized discovery and held an evidentiary hearing. With respect to the claimed failure to disclose a promise of immunity to the witness, Jennifer Wolff, the court found there was no immunity agreement. That conclusion was supported by the testimony of two Assistant U.S. Attorneys that there was no discussion of immunity. Wolff herself could not be located, but she previously had indicated no more than a subjective belief that because she was

---

[**] The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

2

a witness she would not be prosecuted. The district court's finding is fully supported. The district court also found that the matters raised with respect to the other claimed *Brady* violations could not have affected the verdict given the strength of the government's case. We agree.

The Fourth Amendment issues relate to a search conducted by employees Brown and Mark of company records, at the behest of the government. *See Mazzarella I*, 784 F.3d at 539–41; *United States v. Reed*, 15 F.3d 928, 931 (9th Cir. 1994). The district court could not find evidence to support a finding that such a search took place, and further determined that all of the documents used at trial could be traced to other, independent sources. There was no error.

Mazzarella and Grimm both challenge their sentences as well. The district court granted each of them a substantially below guidelines sentence, 14 years for Mazzarella and 25 years for Grimm. The guidelines sentence for both defendants was life primarily due to the calculation of loss caused by their fraud. Both defendants argue that the district court erred by failing to make an explicit guidelines calculation, but the district court repeatedly referred to the life sentence calculation and indicated that it was too high. Further, the sentence was almost entirely driven by the loss calculation, and there was no error in the loss calculation. *See United States v. Beecroft*, 825 F.3d 991, 998–99 (9th Cir. 2016)

(holding that the loss calculation used for Mazzarella and Grimm's co-defendant Beecroft, the same calculation used for Mazzarella and Grimm, contained no errors). Mazzarella and Grimm's sentences were both substantively reasonable in light of the seriousness of their crime, their relative levels of culpability, and the high level of fraud involved and numerosity of victims.

In the related *Beecroft* opinion, we also held that forfeiture ordered to co-defendant Melissa Beecroft on Count 1 (conspiracy) for $107 million dollars appeared to be an excessive fine under the Eighth Amendment, given the discrepancy between that fine and the maximum guideline fine for conspiracy and the lack of explanation for the magnitude of the forfeiture. *Beecroft*, 825 F.3d at 1000–02. The same forfeiture order was entered against both Mazzarella and Grimm, and the grounds discussed with regards to Beecroft are equally applicable to Mazzarella and Grimm. The forfeiture order in these sentences for Count 1 must therefore also be vacated.

The order of the district court denying the motions for a new trial are **AFFIRMED**. The order of forfeiture for Count 1 is **VACATED**, and we **REMAND** for reconsideration of the appropriate amount of such forfeiture. The remainder of the defendants' sentences are **AFFIRMED**. Each party is to bear its own costs.